STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax
E-Mail: sforman@tharpe-howell.com
E-Mail: abreuer@tharpe-howell.com

Attorneys for Defendants,
LOWE'S HOME CENTERS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LOURDES FLORES, an individual, <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S HOME CENTERS, LLC, a Limited Liability Company, RICHARD LADIN, an individual, and Does 1 through 50, inclusive, <br><br> Defendants. | Case No.: <br><br> [*Los Angeles County Superior Court Case No.: 20STCV00161*] <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)** |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1332 and §1441(b), Defendant LOWE'S HOME CENTERS, LLC contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court, Central District of California – Western Division. The removal is based, specifically, on the following grounds.

///
///
///

- 1 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & §1441(B) (DIVERSITY)**

## JURISDICTION AND VENUE ARE PROPER

1.  This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3.  On January 2, 2020, Plaintiff LOURDES FLORES commenced the above-entitled civil action in the Superior Court for the County of Los Angeles by filing a Complaint therein entitled <u>Lourdes Flores v. Lowe's Home Centers, LLC, et al.</u>, Case No. 20STCV0016. True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as **Exhibit "A:"**

   a. Summons;
   b. Complaint for Damages;
   c. Civil Case Cover Sheet and Civil Case Cover Sheet Addendum and Statement of Location;
   d. Notice of Case Assignment;
   e. Standing Order re Personal Injury Procedures, Central District;
   f. Second Amended Standing Order re Final Status Conference, Personal Injury ("PI") Courts; and,
   f. Alternative Dispute Resolution (ADR) Information Package

4.  On January 30, 2020, the Summons, Complaint for Damages, Civil Case Cover Sheet and Civil Case Cover Sheet Addendum, Notice of Case Assignment, Standing Order re Personal Injury Procedures, Central District, Second Amended Standing Order re Final Status Conference, Personal Injury ("PI") Courts, and the

Alternative Dispute Resolution Information Package were personally served on Lowe's Home Centers, LLC's agent for service of process.

5. On February 26, 2020, Defendant Lowe's Home Centers, LLC, filed its Answer to Plaintiff's Complaint and also filed a Demand for Jury Trial. True and correct copies of Defendant LOWE'S HOME CENTERS, LLC's Answer to Complaint and the Demand for Trial by Jury are attached hereto as **Exhibit "B."**

6. The attached exhibits constitute all process, pleadings and orders served upon and by Defendant LOWE'S HOME CENTERS, LLC in this matter.

## DIVERSITY

### A. Citizenship

7. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

8. Plaintiff LOURDES FLORES was, at the time of the filing of this action, and presently remains, domiciled in the State of California and is therefore a citizen of the State of California.

9. Defendant LOWE'S HOME CENTERS, LLC is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). LOWE'S HOME CENTERS, LLC is a manager-managed limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc. is a North Carolina corporation, incorporated in North Carolina with its principal place of business in the State of North Carolina. Accordingly, LOWE'S HOME CENTERS, LLC is a citizen of the State of North Carolina.

10. Therefore, complete diversity of citizenship exists as between Plaintiff and Defendant LOWE'S HOME CENTERS, LLC.

### B. Individual Defendant

11. LOWE'S HOME CENTERS, LLC is informed and believes, and thereon alleges that Defendant RICHARD LADIN was, at the time of filing of this action, a citizen of California.

12. The citizenship of RICHARD LADIN may be disregarded because he is a sham defendant, and has been fraudulently joined for the sole purpose of attempting to destroy diversity jurisdiction. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir.2001) (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). It is well settled that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham" defendants. See, Morris, 236 F.3d at 1067; TPS Utilicom Serv., Inc. v. AT&T Corp., 223 F.Supp.2d 1089, 1100-01 (C.D. Cal.2002).

13. Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. Ritchey v. Upjohn Drug Co., 139 F3d 1313, 1318 (9th Cir. 1998); McCabe, 811 F.2d at 1339. When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available. Lewis v. Time, Inc., 83 F.R.D. 455, 460 (E.D.Cal. 1979); McCabe, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent")

14. If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion

- 4 -
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & §1441(B) (DIVERSITY)

of any party…at any stage of the action and on such terms as are just." <u>Gasnik v. State Farm Ins. Co.</u>, 825 F.Supp.245, 248-49 (E.D. Cal. 1992).

15. Plaintiff's Complaint for Damages alleges theories of liability based on negligence and premises liability. Each cause of action is based upon the allegation that a kitchen faucet assembly display fell on Plaintiff, causing her injuries.

16. There is no reasonable basis for imposing liability on RICHARD LADIN as he was merely an hourly employee of LOWE'S HOME CENTERS, LLC on May 15, 2018. Defendant RICHARD LADIN was not a supervisor and/or manager of LOWE'S HOME CENTER'S, LLC,'s retail location in Pacoima, California, and was not in charge of or supervising the Pacoima, California retail location on May 15, 2018. Defendant RICHARD LADIN did not own, possess, or control in any manner the LOWE'S HOME CENTERS, LLC's retail location in Pacoima, California. Attached hereto as **Exhibit "C"** is a true and correct copy of the Declaration of Richard Ladin, dated February 27, 2020. Since defendant RICHARD LADIN did not own, possess or control the LOWE'S HOME CENTERS, LLC's retail location in Pacoima, California on May 15, 2018, he cannot be held liable on any theory for any dangerous condition of the Pacoima retail store. <u>Alcaraz v. Vece</u>, 14 Cal. 4th 1149, 1162 (1997). It is clear that RICHARD LADIN is a "sham" defendant, joined only for the purpose of destroying complete diversity. Improperly named defendant RICHARD LADIN has never been served in this action.

**C.  Fictitious Does**

17. Defendants DOES 1 to 50, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any of said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); <u>Newcombe v. Adolf Coors Co.</u>, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference

to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

18. Plaintiff's Complaint sets forth causes of action for negligence and premises liability. See, **Exhibit "A."** Plaintiff alleges that on May 15, 2018, she was a patron at Defendant's retail store. Plaintiff contends that a mounted faucet assembly display on a shelf fell on her resulting in physical and emotional injuries. Although Plaintiff was prohibited from stating a specific amount demanded in her Complaint, Defendant has been able to ascertain through "other paper" that the amount in controversy exceeds $75,000.00.[1]

19. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 376 (9th Cir. 1996); see, McPhail v. Deere and Company, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." McCraw v. Lyons, 863 F. Supp. 430, 434 (W.D. Ky. 1994); see also, Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

20. A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e. proof of what the plaintiff is seeking to recover. McPhail, 529 F.3d at 954-55. "Once the facts have

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. See, Cal. Code Civ. Proc. § 425.10.

been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." Meridian Secs. Ins. Co. v. Sadowski, 441 F.3d 540, 543 (7th Cir. 2006); see also, McPhail, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

21. Where an initial pleading is not removable, a notice of removal can be filed within 30 days after receipt of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is removable. 28 U.S.C. §1446(b)(3). The term "other paper" under 28 U.S.C. § 1446(b) refers to any document that is part and parcel of state court proceedings having their origin and existence by virtue of the state court processes. A written settlement demand, therefore constitutes "other paper."

22. Here, prior to litigation and service of the Complaint for Damages, Plaintiff sent Defendant a settlement demand letter, dated October 15, 2019, demanding a settlement amount in excess of $75,000.00.

23. Thus, the preponderance of the evidence shows that Plaintiff's specific damage claims, in addition to unstated amounts for future loss of income and for general damages in an amount according to proof for pain and suffering, the amount in controversy here easily exceeds the $75,000.00 statutory minimum. Therefore, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

24. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of the initial pleading, to wit, Plaintiff's Complaint served on January 30, 2020, which first indicated that the matter was removable. 28 U.S.C. §1446(b)(1). Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiff filed her Complaint on January 2, 2020.

///

25. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Dated: February 27, 2020

THARPE & HOWELL, LLP

By: _____
STEPHANIE FORMAN
ANDREA BREUER
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and not a party to this legal action.

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & §1441(B) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Hov Kachatoorian, Esq.<br>ADVO LAW APC<br>111 E. Broadway, Ste. 210<br>Glendale, CA  91205<br>Tel: (800) 808-4613; (213) 317-3808 – Fax<br>Email: | Attorneys for Plaintiff, LOURDES FLORES |
|---|---|

5. a. ___ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. **X** **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

   (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) **X** placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ___ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. ___ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date): see below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 2/28/2020 | Bertha Muñoz | *(signature)* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\31000-000\31322\Pleadings\FEDERAL\Notice of Removal.docx

- 10 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & §1441(B) (DIVERSITY)**